# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FLORENCE HARRIS, an individual; JAQORI HARRIS and JAZAY HARRIS, as minors by and through their mother and guardian FLORENCE HARRIS,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF SAN DIEGO; SAN DIEGO HEALTH AND HUMAN SERVICES AGENCY; POLINSKY CHILDRENS CENTER; RADY CHILDREN'S HOSPITAL; DR. WENDY WRIGHT; NATASH HALL,<br><br>Defendants. | Case No.: 18cv0924-BTM-JLB<br><br>**ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS AND DENYING MOTION FOR APPOINTMENT OF COUNSEL [ECF Nos. 2–3]** |

On May 11, 2018, Plaintiffs filed their Complaint (ECF No. 1) along with an application to proceed *in forma pauperis* ("IFP") (ECF No. 2) and a request for appointment of counsel (ECF No. 3). For the reasons discussed below, Plaintiffs' motion to proceed IFP is **GRANTED** and their request for appointment of counsel is **DENIED** without prejudice.

## DISCUSSION

**I. Motion to Proceed IFP**

Upon review of Plaintiffs' affidavit in support of their IFP motion, the Court finds that Plaintiffs have made a sufficient showing of inability to pay the filing fee required to prosecute this action. Notwithstanding Plaintiffs' indigence, the Court is under a continuing duty to review a complaint filed by any person proceeding in forma pauperis to determine whether the action is "frivolous or malicious" or "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(i),(ii).

Plaintiffs brings this action under 42 U.S.C. § 1983 for alleged Fourth and Fourteenth Amendment violations. Plaintiffs allege that Ms. Harris' children were unlawfully detained when they were removed from the school campus and subjected to interviews and highly invasive medical examinations without providing her with notice. It appears that the children may still be held in County custody. Therefore, the Court finds that the allegations in the Complaint are sufficient to satisfy the requirements under section 1915(e)(2)(B). Accordingly, **IT IS ORDERED THAT**:

(1) Plaintiffs' request to proceed in forma pauperis is **GRANTED**. Plaintiffs are permitted to prosecute this action without being required to prepay fees or costs and without being required to post security.

(2) The Clerk of Court shall file Plaintiffs' Complaint without prepayment of the filing fee. The Court directs the Clerk of Court to issue the summons, provide Plaintiffs with a certified copy of both this Order and their Complaint (ECF No. 1), and forward them to Plaintiffs along with a blank United States Marshal Service ("USMS") Form 285 for each Defendant named in the Complaint.

(3) Upon receipt of this "IFP Package," the Court directs Plaintiffs to complete Form 285 and forward it to the USMS.

(4) Upon receipt, the USMS shall serve a summons and a copy of the Complaint upon Defendants as directed by Plaintiffs on USMS Form 285. All costs

2

18cv0924-BTM-JLB

of service shall be advanced by the United States. *See* 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3).

**III. Motion for Appointment of Counsel**

Plaintiffs have also filed a Request for Appointment of Counsel. Generally, a plaintiff in a civil case has no right to counsel. *United States v. 30.64 Acres of Land*, 795 F.2d 796, 801 (9th Cir. 1986). Pursuant to 28 U.S.C. §1915(e)(1), a "court may request an attorney to represent any person unable to afford counsel." However, counsel should only be appointed in "exceptional circumstances." *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). A district court should consider both the likelihood of success on the merits and the ability of the plaintiff to articulate her claims pro se in light of the complexity of the legal issues involved, but "[n]either of these factors is dispositive and both must be viewed together before reaching a decision." *Id*.

At this juncture, the Court cannot say that there is any likelihood of success on the merits. Therefore, the Court **DENIES** without prejudice Plaintiffs' request for appointment of counsel.

**IT IS SO ORDERED**.

Dated: May 30, 2018

Barry Ted Moskowitz, Chief Judge
United States District Court