UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

FLORENCE HARRIS, an
individual; J.H. and J.H., as Minors
by and through their Mother and
Guardian FLORENCE HARRIS,

Plaintiffs,

v.

COUNTY OF SAN DIEGO; SAN
DIEGO HEALTH AND HUMAN
SERVICES AGENCY; POLINSKY
CHILDRENS CENTER; DR.
WENDY WRIGHT; NATASHA
HALL, Social Worker; RADY
CHILDREN'S HOSPITAL; DOES 1
through 20

Defendants.

Case No.:  18-cv-00924-BTM-JLB

**ORDER GRANTING
DEFENDANTS' MOTION TO
DISMISS WITH LEAVE TO
AMEND**

**[ECF No. 6]**

Before the Court is Defendant County of San Diego's ("the County") motion to dismiss the Complaint, which was scheduled for hearing on August 31, 2018. (ECF No. 6 ("MTD").)  Defendants Rady Children's Hospital and Dr. Wendy

Wright joined the County's motion. (ECF Nos. 7, 9.) Plaintiff Florence Harris, on behalf of herself and her two minor sons, J.H and J.H. ("Plaintiffs"), filed a motion to continue the hearing date on August 28, 2018, (ECF No. 14), which the Court granted, (ECF No. 15.) Plaintiffs were given until September 28, 2018 to oppose Defendants' motion to dismiss, and the hearing date was reset for October 19, 2018. (Id.) For the reasons discussed below, the Court grants Defendants' motion to dismiss the Complaint with leave to amend.

## DISCUSSION

### A. The Court May Grant an Unopposed Motion to Dismiss

Plaintiffs have failed to respond to the motion to dismiss as of the date of this Order, and the deadline passed months ago. *See* CivLR 7.1.e.2 (providing that oppositions must be filed "not later than fourteen calendar days prior to the noticed hearing"). Civil Local Rule 7.1.f.3.c provides, "[i]f an opposing party fails to file the papers in the manner required by Civil Local Rule 7.1.e.2, that failure may constitute a consent to the granting of a motion or other request for ruling by the court."

A district court may grant an unopposed motion to dismiss pursuant to a local rule permitting dismissal. *See Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) (holding district court did not abuse discretion by summarily granting unopposed motion to dismiss pursuant to local rule that permitted but did not require dismissal). However, the Court must consider the following factors before granting a motion on that ground: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Ghazali*, 46 F.3d at 53 (citing *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir.1986)).

All five factors weigh in favor of dismissal. "[T]he public's interest in expeditious resolution of litigation always favors dismissal." *Yourish v. California*

18-cv-00924-BTM-JLB

*Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999). The Court must manage its docket, and there is no risk of prejudice to Defendants, the moving parties. As for the fourth factor, although public policy favors disposition of cases on the merits, Plaintiff's failure to respond precludes the parties' ability to move the case forward and actually litigate the merits. This factor thus also weighs in favor of dismissal.

Finally, the Court considers the availability of less drastic sanctions. Plaintiffs initiated this action by filing the Complaint on May 11, 2018. (ECF No. 1 ("Compl.").) Defendants moved to dismiss the Complaint for failure to state a claim on July 5, 2018. (MTD.) Plaintiffs were properly served with the motion, but have not filed any responsive pleading or otherwise prosecuted the case. (See MTD; ECF No. 15.) Given Plaintiffs' unexcused, extensive delay, the Court concludes dismissal without prejudice is both warranted and a less drastic sanction than dismissal with prejudice.

**B. The Complaint Fails to State a Claim**

The Court further concludes that the Complaint fails to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6). Federal Rule of Civil Procedure 12(b)(6) requires that the plaintiffs' complaint state a "cognizable legal theory" or sufficient facts to support a legal claim. *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988). When reviewing a motion to dismiss, the allegations of material fact in the plaintiff's complaint are taken as true and construed in the light most favorable to the plaintiff. *Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995). Although detailed factual allegations are not required, the factual allegations made "must be enough to raise a right to relief above the speculative level." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007). Only a complaint that states a plausible claim for relief will survive a motion to dismiss. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

18-cv-00924-BTM-JLB

### 1. Failure to Satisfy the Requirements of Fed. R. Civ. P. 8

Federal Rule of Civil Procedure 8 requires that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Each allegation should be "simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). In other words, a complaint must state "who is being sued, for what relief, and on what theory, with enough detail to guide discovery." *McHenry v. Renne*, 84 F.3d 1172, 1178 (9th Cir. 1996).

Here, the Complaint fails to satisfy the requirements of Rule 8. The Complaint alleges violations under the Fourth and Fourteenth Amendments of the U.S. Constitution, but it is deficient in that it does not state with some degree of particularity what overt acts were taken by each defendant in violation of which Plaintiffs' rights. *See Rasidescu v. Midland Credit Mgmt., Inc.*, 435 F. Supp. 2d 1090, 1099 (S.D. Cal. 2006) (setting forth basic pleading criteria, required of all plaintiffs, including pro se plaintiffs). Moreover, while the Complaint "also allege[s] a number of state-law causes of action," (Compl., 2), it does not describe how any act by any of the Defendants violated Plaintiffs' rights under state law.

### 2. Failure to State a Claim Under 42 U.S.C. § 1983

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). To state a claim against a local government, a plaintiff must allege that a government "policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflict[ed] [an] injury that the government as an entity is responsible [for] under § 1983. *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 694 (1978).

Here, Plaintiffs have failed to allege a violation of a right secured by the

18-cv-00924-BTM-JLB

Constitution.  The Complaint is deficient because it fails to identify any policy or custom of San Diego County that has violated Plaintiff's Fourth or Fourteenth Amendment rights, pointing only to alleged injuries inflicted by the municipality's employees and agents, which is insufficient to state a § 1983 claim.  *See id.*

### 3. Allegations Show that Relief Is Barred by the Statute of Limitations

A district court may dismiss a complaint barred by the statute of limitations under Fed. R. Civ. P. 12(b)(6).  *See Jones v. Block*, 549 U.S. 199, 215 (2007).  "If the allegations . . . show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim . . . ."  *Id.* (citing Fed. R. Civ. P. 8).

Section 1983 does not contain its own statute of limitations.  *Butler v. Nat'l Cmty. Renaissance of Cal.*, 766 F.3d 1191, 1198 (9th Cir. 2014).  "Without a federal limitations period, the federal courts apply the forum state's statute of limitations for personal injury actions . . . ."  *Id.* (internal quotations and citations omitted).  California's statute of limitations for personal injury claims is two years.  *Id.* (citing Cal. Civ. Proc. Code § 335.1).

The allegations in the Complaint demonstrate that the operative facts and events took place on or around May 17, 2011.  (See Compl., 2.)  Thus, the Complaint fails to state a claim, because the allegations show that relief is barred by the two-year statute of limitations.

### 4. Failure to Plead Facts re Compliance with CTCA

As discussed above, while the Complaint "allege[s] a number of state-law causes of action," (Compl., 2), it does not describe how any act by any of the Defendants violated Plaintiffs' rights under state law.  The Complaint also fails to allege compliance with the California Tort Claims Act ("CTCA"), which is a prerequisite to bringing a claim against a public entity.  Cal. Gov't Code §§ 815, 911.2.  The California Government Code provides that no suit may be brought against a public entity until a written claim has been presented and acted upon

18-cv-00924-BTM-JLB

by that entity.  Cal. Gov't Code § 945.4.

Thus, dismissal is warranted because the Complaint fails to allege compliance with the requirements of the CTCA and the California Government Code.

### C. Potential Conflict of Interest Between Ms. Harris and Her Children

A "general guardian" may sue on behalf of a minor.  *See* Fed. R. Civ. P. 17(c).  However, if there is a conflict of interest between the minor and his parent or guardian, the court has the power to appoint special representatives.  *See* Charles Alan Wright & Arthur R. Miller, 6A Fed. Prac. & Proc. Civ. § 1570 (3d ed.) (Apr. 2019 update).

The Complaint raises the issue of a possible conflict of interest between Ms. Harris and her minor children, because it alleges that the minor children are not currently in her custody and are likely dependents of the juvenile court. (Compl., 2:11-13, 3:9-17, 4:19-26.)  Thus, Ms. Harris may not continue to represent the interests of her children without first being appointed their representative or guardian ad litem.  *See* Fed. R. Civ. P. 17(c).

### D. Ms. Harris May Not Bring a Lawsuit on Behalf of Her Children Without an Attorney

While a litigant in federal court has the right to act as her own counsel, *see* 28 U.S.C. § 1654, she "has no authority to appear as an attorney for others." *Johns v. County of San Diego*, 114 F.3d 874, 877 (9th Cir. 1997).  Thus, Ms. Harris may not bring a pro se lawsuit on behalf of her minor children without an attorney, even if she were appointed their duly appointed representative or guardian ad litem.  Thus, dismissal of the Complaint is warranted on this basis.

//
//
//
//

## **CONCLUSION**

The Court grants Defendants' motion to dismiss the Complaint (ECF No. 6), with leave to amend the deficiencies identified above.

Plaintiff must file an amended Complaint **on or before July 30, 2019**. Failure to do so will result in a final judgment of dismissal. Defendant must respond to any amended Complaint **twenty days** from its filing.

**IT IS SO ORDERED.**

Dated: July 9, 2019

Honorable Barry Ted Moskowitz
United States District Judge

18-cv-00924-BTM-JLB