UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FLORENCE HARRIS, ET AL.,<br><br>　　　　　　　　Plaintiffs,<br><br>v.<br><br>COUNTY OF SAN DIEGO, ET AL.,<br><br>　　　　　　　　Defendants. | Case No.: 3:18-cv-00924-BTM-AHG<br><br>**ORDER DENYING PLAINTIFF FLORENCE HARRIS'S PETITION FOR APPOINTMENT OF GUARDIAN AD LITEM**<br><br>**[ECF NO. 24]** |

Before the Court is Plaintiff Florence Harris's ("Harris") Petition for Appointment of Guardian Ad Litem (ECF No. 24 ("Petition")). For the reasons set forth below, the Court **DENIES** Harris's petition to be appointed as guardian ad litem for Plaintiffs JQ.H and JZ.H.

## I. BACKGROUND

Plaintiffs filed suit against the County of San Diego ("County"), San Diego Health and Human Services Agency, Polinsky Children's Center Auxiliary, Rady Children's Hospital San Diego, Dr. Wendy Wright, and Natasha Hall. (ECF No. 29 ("SAC").) Harris is the mother of JQ.H and JZ.H, who were born in or around October 2002. (*Id.* at ¶¶ 3–5.) This lawsuit arises from events in May 2011, when it was reported that "a bruise on Plaintiff JQ.H's hip was inflicted by his mother."

(*Id.* at 19.) A medical examination was performed on JQ.H. (*Id.* at ¶ 20.) Several hearings were held in state court. (*Id.* at ¶¶ 20–21.) JQ.H and JZ.H were subsequently "removed from the care, custody, and control of their Mother." (*Id.* at ¶ 17.) Harris petitions the Court to appoint her as the guardian ad litem for JQ.H and JZ.H. (Petition.) The County opposes. (ECF No. 30 ("County's Opp.").)

## II. LEGAL STANDARD

Under the Federal Rules of Civil Procedure, "[a] minor . . . who does not have a duly appointed representative may sue by a next friend or by a guardian ad litem." Fed. R. Civ. P. 17(c)(2). "The court must appoint a guardian ad litem — or issue another appropriate order — to protect a minor or incompetent person who is unrepresented in an action." *Id.* The law of the state of domicile determines capacity to bring suit. Fed. R. Civ. P. 17(b). Here, California law governs JQ.H's and JZ.H's ability to sue. The age of majority is eighteen in California. Cal. Fam. Code § 6502. JQ.H and JZ.H are both under eighteen years of age and are thus minors under California law. (SAC., ¶¶ 4–5.) Minors may bring suit in California "in the same manner as an adult, except that a guardian must conduct the action or proceedings." *Id.* § 6601.

## III. DISCUSSION

In determining who to appoint as guardian ad litem, "the court shall consider whether the minor and the guardian have divergent interests." Cal. Civ. P. § 372(b)(1). A parent does not have the absolute right to be the guardian ad litem of her minor child. *Fong Sik Leung v. Dulles*, 226 F.2d 74, 82 (9th Cir. 1955). California courts have instructed against appointing the parent when there exists "an actual or potential conflict of interest" between the parent and child. *Williams v. Super. Ct.*, 147 Cal. App. 4th 36, 50 (2007). The Court must appoint a guardian who will "best protect the child's interests." *Id.*

The Court finds that Harris is not an appropriate guardian ad litem for Plaintiffs JQ.H and JZ.H. Harris states that a court removed JQ.H and JZ.H from

her custody, (SAC., ¶¶ 21–22), which indicates a judicial determination that Harris was not acting in her children's best interests. *Tate v. Cty. Of Kern*, 2014 WL 584525, at *2 (E.D. Cal. 2014). Plaintiff does not allege that she regained custody of JQ.H and JZ.H. Accordingly, the Court **DENIES** Harris's petition to be appointed as guardian ad litem for JQ.H and JZ.H.

## IV. CONCLUSION

The Court **DENIES** Harris's Petition to be appointed as guardian ad litem for JQ.H and JZ.H (ECF No. 24) and **ORDERS** Harris to submit the names of three alternative individuals to serve as guardian ad litem by **November 25, 2019**. She shall list the individuals in order of preference and explain why each is qualified.

**IT IS SO ORDERED**.

Dated: November 4, 2019

_____
Honorable Barry Ted Moskowitz
United States District Judge