# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FLORENCE HARRIS, et al., <br><br> Plaintiffs, <br><br> v. <br><br> COUNTY OF SAN DIEGO; WENDY WRIGHT, M.D.; RADY CHILDREN'S HOSPITAL – SAN DIEGO; NATASHA HALL; and DOES 1 THROUGH 20, <br><br> Defendants. | Case No.: 18-cv-924-BTM-AHG <br><br> **ORDER GRANTING DEFENDANT COUNTY'S REQUEST FOR JUDICIAL NOTICE; GRANTING DEFENDANTS' MOTIONS TO DISMISS; DENYING PLAINTIFFS' REQUEST FOR RECONSIDERATION; AND ORDERING PLAINTIFFS TO SHOW CAUSE** <br><br> **[ECF Nos. 31, 32, 33, 44]** |

Pending before the Court are Defendants' motions to dismiss (ECF Nos. 31, 32, 33) and Plaintiffs' request for reconsideration (ECF No. 44). For the reasons discussed below, the Court **GRANTS** Defendants' motions to dismiss and **DENIES** Plaintiffs' request for reconsideration. The Court further **ORDERS** Plaintiffs' attorney to file a declaration regarding the alternative guardian ad litem and **ORDERS** Plaintiffs to show cause why Defendant Natasha Hall should not be dismissed for failure to serve her.

## I. BACKGROUND

Florence Harris ("Harris") is the mother of JQ.H and JZ.H, who were born in or around October 2002. (SAC, ¶¶ 3–5.) This lawsuit arises from events in May 2011, when it was reported that "a bruise on Plaintiff JQ.H's hip was inflicted by his mother." (*Id.* at ¶ 19.) The second amended complaint ("SAC") states that "a highly invasive medical examination" was performed on JQ.H. (*Id.* at ¶ 20.) Several hearings were held in state court. (*Id.* at ¶¶ 20–21.) JQ.H and JZ.H were subsequently "removed from the care, custody, and control of their Mother." (*Id.* at ¶ 17.) The children remained out of Harris's custody from May 2011 until July 2019 when she regained custody. (*Id.* at ¶¶ 17, 21–22; ECF No. 34, Exh. A, ¶ 27.)

On May 11, 2018, Harris, JQ.H, and JZ.H filed suit against the County of San Diego ("County"), San Diego Health and Human Services Agency, Polinsky Children's Center Auxiliary, Rady Children's Hospital San Diego ("RCHSD"), Dr. Wendy Wright, and Natasha Hall.[1] (ECF No. 1.) The County filed a motion to dismiss the complaint, which RCHSD and Wright joined. (ECF Nos. 6, 7, 9.) This Court granted the motion and granted Plaintiffs leave to amend. (ECF No. 21.)

Plaintiffs filed a first amended complaint (ECF No. 22) and then a SAC shortly thereafter (ECF No. 27 ("SAC")). The SAC asserts violation of federal and state civil rights statutes. The County, Wright, and RCHSD each filed a motion to dismiss the SAC. (ECF Nos. 31, 32, 33.) The County requests judicial notice of Plaintiffs' failure to submit claims to the County's Claims Division. (ECF No. 33-2 ("County MTD"), Exh. A.) Only Plaintiffs JQ.H and JZ.H responded in opposition to Defendants motions to dismiss. (ECF Nos. 34, 35, 36.) They submitted a proposed third amended complaint as an exhibit to each opposition brief. (*Id.*)

---

[1] The County asserts it has been "erroneously sued as 'San Diego Health and Human Services Agency' and 'Polinsky Childrens Center.'" (*See, e.g.*, ECF No. 6.) Wright and RCHSD state they have been sued under incorrect names. (ECF Nos. 31, 32.) The **Clerk is directed** to modify the parties as listed in the caption of this Order.

Harris petitioned to be appointed guardian ad litem for JQ.H and JZ.H, who are still minors. The Court denied her petition. (ECF No. 43.) Plaintiffs moved for reconsideration of the order on the basis that JQ.H and JZ.H had been returned to Harris's custody. (ECF No. 44.) The Court held oral argument on all of these issues on December 2, 2019.

## II.  REQUEST FOR JUDICIAL NOTICE

In support of its motion to dismiss, the County submitted a declaration by Brent Barnes, Claims and Investigation Supervisor for the Claims and Investigation Division for the County. (County MTD, Exh. A.) The County asks the Court to take judicial notice of the statements contained therein — that Plaintiffs never submitted a government tort claim against the County.

A court may take judicial notice of facts "not subject to reasonable dispute." Fed. R. Evid. 201(b). Facts that "can be accurately and readily determined from sources whose accuracy cannot reasonably questioned" are not subject to reasonable dispute. *Id.* 201(b)(2). The County has submitted a sworn declaration by "the custodian of the claims records for the County of San Diego." (County MTD, Exh. A.) "Whether or not a Tort Claim has been presented to a public entity is subject to judicial notice." *Elliot v. Amador Cty. Sch. Dist.*, 2012 WL 5013288, at *7 (E.D. Cal. 2012); *see also, e.g.*, *Kenney v. City of San Diego*, 2014 WL 325157, at *7 n.5 (S.D. Cal. 2014) (holding the same). Accordingly, the Court **GRANTS** the County's request to judicially notice Plaintiffs' failure to present any claims against the County.

Additionally, the Court sua sponte takes judicial notice of Exhibits A–D of the County's opposition to Plaintiffs' motion for reconsideration. (ECF No. 52.) These exhibits (hereinafter "Exhibits A–D") are court documents in the Plaintiffs' juvenile dependency case and are appropriate for judicial notice because they are directly related to the instant case. *U.S. ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992).

### III. MOTION TO DISMISS: LEGAL STANDARD

Under Federal Rule of Civil Procedure 8, each pleading must include a "short and plain statement of the claim." Fed. R. Civ. P. 8(a)(2). "Each allegation must be simple, concise, and direct." *Id.* 8(d)(1). A district court may dismiss a complaint for failure to comply with Rule 8 where it fails to provide the defendant fair notice of the wrongs allegedly committed. *See Cafasso, United States ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1059 (9th Cir. 2011) (citing cases upholding Rule 8 dismissals where pleadings were "verbose," "confusing," "distracting, ambiguous, and unintelligible," "highly repetitious," and comprised of "incomprehensible rambling").

A Rule 12(b)(6) motion to dismiss should be granted only where a plaintiff's complaint lacks a "cognizable legal theory" or sufficient facts to support a legal claim. *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988). When reviewing a motion to dismiss, the allegations of material fact in the plaintiff's complaint are taken as true and construed in the light most favorable to the plaintiff. *Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995). Dismissal is appropriate only where "the complaint fails to state a claim to relief that is plausible on its face." *Curry v. Yelp Inc.*, 875 F.3d 1219, 1224–25 (9th Cir. 2017) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

### IV. MOTION TO DISMISS: DISCUSSION

**A. Statute of Limitations**

As a threshold matter, the Court addresses Defendants' contention that Plaintiffs claims are time-barred. "A claim may be dismissed under Rule 12(b)(6) on the ground that it is barred by the applicable statute of limitations only when the running of the statute is apparent on the face of the complaint." *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 969 (9th Cir. 2010) (internal citation and quotation marks omitted).

A cause of action accrues "when the plaintiffs know or have reason to know of the injury that is the basis of their action." *RK Ventures, Inc. v. City of Seattle*, 307 F.3d 1045, 1058 (9th Cir. 2002) (citation omitted). Here, Plaintiffs sue for injuries stemming from JQ.H's May 2011 medical examination and Harris's subsequent loss of custody over JQ.H and JZ.H. (SAC, ¶¶ 17, 20–22.) At the latest, Plaintiffs' causes of action accrued at the July 2011 "disposition/jurisdictional hearing" when "the court asserted jurisdiction over Minor Plaintiffs." (*Id.* at ¶ 22.) Plaintiffs initiated this lawsuit on May 11, 2018, nearly seven years after the causes of action accrued. The applicable statutes of limitations, described below, have all long expired.

But with respect to JQ.H and JZ.H, California tolls the limitations period on causes of action belonging to minors until they are eighteen years old. Cal. Code. Civ. P. § 352(a); Cal. Fam. Code § 6502. This state law extends to federal claims. *Bd. of Regents v. Tomanio*, 446 U.S. 478, 485 (1980); 42 U.S.C. 1988(a). The statutes of limitations outlined below have all run with respect to Harris's claims. The minor plaintiffs' claims, with the exception of their state law claims against the County, are timely due to California's tolling statute. All state law claims against the County are barred for failure to comply with Cal. Gov. Code § 911.2.

1. <u>Federal causes of action</u>

Plaintiffs' federal causes of action are under 42 U.S.C. §§ 1983, 1985, and 1986. (SAC, ¶¶ 23–52.) Section 1986 imposes its own one-year statute of limitations. Sections 1983 and 1985 do not contain a statute of limitations. A federal cause of action based on a statute that contains no limitations period requires the federal court to "apply the most closely analogous statute of limitations under state law." *DelCostello v. Int'l Bhd. of Teamsters*, 462 U.S. 151, 159 (1983). Section 1983 claims "are best characterized as personal injury actions." *Wilson v. Garcia*, 471 U.S. 261, 279 (1985). Section 1985(3) claims are sufficiently similar to § 1983 actions, such that they "are governed by the same statute of limitations."

*McDougal v. Cty. of Imperial*, 942 F.2d 668, 673–74 (9th Cir. 1991). California imposes a two-year statute of limitations for personal injury actions. Cal. Code Civ. P. § 335.1; *see also Mills v. City of Covina*, 921 F.3d 1161 (9th Cir. 2019) (applying this statute to § 1983 claims). The limitations period for the § 1983 and § 1985 claims is thus two years. California's tolling statute applies to the federal claims because it is not inconsistent with the U.S. Constitution or federal law. 42 U.S.C. § 1988(a). This extends to the § 1986 statute, which has its own limitations period but no tolling provision. *See id.* §§ 1986, 1988(a).

RCHSD suggests Plaintiffs' claims against it are based on professional negligence and subject to Cal. Code Civ. P. § 340.5 instead. (ECF No. 32, 16:8–19.) Section 340.5 provides a three-year statute of limitations for professional negligence actions against health care providers. It prevents tolling when the minor plaintiff is over the age of six. *Id.* JQ.H and JZ.H were eight years old at the time of the alleged injury. Their claims against RCHSD would thus be time-barred if based on professional negligence. The SAC does not set forth enough facts to ascertain under what theory of liability Plaintiffs sue RCHSD. But the Court need not reach this question since it dismisses these claims on other grounds elsewhere in this Order. Plaintiffs are advised to clarify their theory of liability in the future.

2. State causes of action

Plaintiffs assert state civil rights violations under Cal. Gov. Code § 820.21 and Cal. Civ. Code §§ 43, 49, 51, and 52. (SAC, ¶¶ 53–60.) Tort claims against local public entities must be commenced within six months of accrual of the cause of action. Cal. Gov. Code §§ 911.2(a), 915. To commence a claim, the litigant must present it to the Department of General Services and pay either a filing fee or receive a fee waiver. § 911.2(b). Plaintiffs sue the County, which is a local public entity. But, as Plaintiffs' counsel conceded at oral argument, Plaintiffs *never* presented their claims against the County in accordance with § 911.2, let alone within six months of accrual of the causes of action. (ECF No. 33-2, Exh. A.)

California's tolling statute for minors does not apply to tort claims against public entities and public employees. Cal. Code Civ. P. § 352(b). Accordingly, all state law claims against the County are **DISMISSED WITH PREJUDICE** and without leave to amend.

As for the remaining moving defendants, Cal. Gov. Code § 820.21 does not apply to them because they are not public employees. The claims under Cal. Civ. Code §§ 43, 49, 51, and 52, are subject to a two-year statute of limitations. Cal. Code Civ. P. § 335.1. To the extent that a three-year statute of limitations applies instead, *see O'Shea v. Cty. of San Diego*, 2019 WL 4674320, at *4 (S.D. Cal. 2019) (explaining that courts are divided on whether a two-year or three-year statute of limitations applies here and collecting cases); (*see also* ECF No. 32, at 16:8–19), this limitation period has already expired.

### 3. Conclusion

Harris's claims are all time-barred. All state law claims against the County are barred for failure to comply with Cal. Gov. Code § 911.2. The remaining state claims and all federal causes of action asserted by JQ.H and JZ.H are timely. Accordingly, the Court **DISMISSES** all state law claims against the County **WITH PREJUDICE** and without leave to amend. The Court **DISMISSES** all of Florence Harris's other claims **WITHOUT PREJUDICE** and **GRANTS LEAVE TO AMEND** one final time in the event Harris is able to allege facts supporting tolling.

**B. Mandated Reporters of Child Abuse Have Absolute Immunity Under CANRA**

Wright and RCHSD both assert immunity under the Child Abuse and Neglect Reporting Act ("CANRA"), Cal. Penal Code § 11164, et seq. CANRA exists to protect children under the age of eighteen from abuse and neglect. *Id.* §§ 11164(b), 11165. It requires "mandated reporters" to report suspected child abuse to an appropriate government entity. *Id.* § 11165.9. Physicians are mandated reporters. *Id.* § 11165.7(a)(21).

CANRA gives mandated reporters absolute immunity from civil and criminal liability for reporting child abuse. *Id.* § 11172(a). Mandated reporters are absolutely immune from any liability in the making of the initial report and for the conduct giving rise to the obligation to report. *Acre v. Childrens Hosp. L.A.*, 211 Cal. App. 4th 1455, 1484 (2012). This immunity applies only to the state law causes of action. It does not prevent civil liability for federal causes of action. *Felder v. Casey*, 487 U.S. 131, 139 (1988) ("[A] state law that immunizes government conduct otherwise subject to suit under § 1983 is preempted."); *see also Buckheit v. Dennis*, 713 F. Supp. 2d 910, 924 (N.D. Cal. 2010) (finding that CANRA immunity does not apply to § 1983).

Wright is a physician and thus plainly protected under CANRA. § 11165.7(a)(21). RCHSD is also protected. California courts extend CANRA immunity to hospitals when they are sued under a respondeat superior theory. *Storch v. Silverman*, 186 Cal. App. 3d 671, 681–82 (1986). Plaintiffs' complaint is vague in its allegations against each defendant, but Plaintiffs appear to be suing RCHSD for the actions of its employee Wright in examining JQ.H and subsequently submitting a child abuse report. (*See* SAC, ¶¶ 11, 19–20.) This is textbook vicarious liability under respondeat superior. *See Perez v. Van Gronigen & Sons, Inc.*, 41 Cal. 3d 962, 967 (1986) ("Under the doctrine of respondeat superior, an employer is vicariously liable for his employee's torts committed within the scope of the employment.").

Plaintiffs assert that Wright and RCHSD are not entitled to absolute immunity because they "did not have the required knowledge or reasonable suspicion" to make the child abuse report. (ECF No. 34 ("Opp. to Wright"), 3:13–15; ECF No. 36 ("Opp. to RCHSD"), 3:16–17.) In support of this argument, Plaintiffs submit a proposed third amended complaint, which states Wright "never evaluated Plaintiff JQ.H's hip and therefore was never in a position to determine that a bruise on

Plaintiff JQ.H's hip was inflicted by his mother whipping him with a belt."[2] (Opp. to Wright, 2:13–16.) A mandated reporter need not personally examine a child in order to make a report. § 11166; *Krikorian v. Barry*, 196 Ca. App. 3d 1211, 1217 (1987). Knowledge or observation of the suspected child abuse suffices. § 11166(a). Wright's and RCHSD's absolute immunity remain intact. Cal. Gov. Code § 820.21 does not supersede Wright's or RCHSD's CANRA immunity because § 820.21 applies only to public employees, which both of these defendants are not. Accordingly, the Court **DISMISSES WITH PREJUDICE** all state law claims against Wright and RCHSD.

## C. Remaining Rule 8 and Rule 12(b)(6) Arguments

After removing legal conclusions from the SAC, the only facts that remain are the following: (1) JQ.H and JZ.H are the minor children of Florence Harris, (SAC, ¶¶ 4–5, 17); (2) "JQ.H was subject to a highly invasive medical examination," (*id.* at ¶ 20); (3) Wright reported that "a bruise on Plaintiff JQ.H's hip was inflicted by his mother whooping him with a belt," (*id.* at ¶ 19); (4) subsequently in May 2011, JQ.H and JZ.H were removed from Harris's custody, (*id.* at ¶¶ 17, 21); and (5) a court asserted jurisdiction over JQ.H and JZ.H in July 2011, (*id.* at ¶ 22). Though the Court's Order is based only on the SAC, the proposed third amended complaint adds two facts: (1) "Defendant Wright never evaluated Plaintiff JQ.H's hip," (Opp. to Wright, Exh. A, ¶ 20); and (2) JQ.H and JZ.H were returned to Harris's custody in July 2019, (*id.* at Exh. A, ¶ 27).

### 1. First Cause of Action: 42 U.S.C. § 1983

Plaintiffs' first cause of action is under 42 U.S.C. § 1983 for violation of (1)

---

[2] Notably, the allegation that Wright never evaluated JQ.H directly contradicts a statement in the original complaint: "Both children were given extensive 22 item full body examinations by the Polinsky children's center staff and by Dr. Wendy Wright 'a child abuse specialist' that included examinations of the children's genitalia and rectum." (ECF No. 1, 3:17–21.) It is a well-established principle that a court "may look to prior pleadings in determining the plausibility of an amended complaint." *Royal Primo Corp. v. Whitewater W. Indust., Ltd*, 2016 WL 1718196, at *3 (N.D. Cal. 2016) (citing *Rodriquez v. Sony Comp. Ent'mt Am., LLC*, 801 F.3d 1045, 1054 (9th Cir. 2015)).

the Fourteenth Amendment right to familial association and due process protections against being "subjected to accusations on the basis of false [and fabricated] evidence," (SAC, ¶ 24), and (2) the Fourth Amendment freedom from unreasonable seizures, (*id.* at ¶ 26).

### *a. The SAC fails under Rule 12(b)(6)*

To state a § 1983 claim, "a plaintiff [1] must allege the violation of a right secured by the Constitution and laws of the United States, and [2] must show that the alleged deprivation was committed by a person acting under color of state law." *Naffe v. Frey*, 789 F.3d 1030, 1035–36 (9th Cir. 2015) (quoting *West v. Atkins*, 487 U.S. 42, 48 (1988)). The Court takes each in turn.

First, children who are taken into state custody may assert only a "Fourth Amendment right to be free from reasonable seizures rather than the Fourteenth Amendment right to familial association." *Keates v. Koile*, 883 F.3d 1228, 1236 (9th Cir. 2018) (quoting *Kirkpatrick v. Cty. of Washoe*, 792 F.3d 1184, 1189 (9th Cir. 2015)). It is only the parent who may assert a violation of familial association under the Fourteenth Amendment. *Id.* at 1235–37. The legal standard applied is the same. *Id.* at 1237. Since Harris has been dismissed from the case, this cause of action is **DISMISSED** to the extent it alleges a Fourteenth Amendment violation. Only the Fourth Amendment claim may stand.

A child's Fourth Amendment right is "violated if a state official removes children from their parents without their consent, and without a court order, unless information at the time of the seizure, after reasonable investigation, establishes reasonable cause to believe that the child is in imminent danger of serious bodily injury, and the scope, degree, and duration of the intrusion are reasonably necessary to avert the specific injury at issue." *Keates*, 883 F.3d at 1237. The facts in the SAC — that JQ.H was medically examined, that a child abuse report was filed, and that custody proceedings took place before taking the children out of Harris's custody — do not amount to a § 1983 Fourth Amendment violation.

The rest of the SAC is rife with bare legal conclusions that require factual support. For example, Plaintiffs provide no description of what "false evidence was deliberately fabricated by the government." (SAC, ¶ 24.) Plaintiffs do not state which defendants testified at the juvenile dependency proceedings and what false information they presented. The proposed third amended complaint does not resolve the numerous factual deficiencies.

Second, Plaintiffs plead no facts indicating that Wright and RCHSD were acting under color of state law. "An individual acts under color of state law when he or she exercises power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" *Naffe*, 789 F.3d at 1036 (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)). Plaintiffs allege that Wright and RCHSD are both "officer[s], agent[s], and employee[s]" of the County. (SAC, ¶¶ 10–11.) But Plaintiffs provide no facts supporting this contention.

Instead, the facts indicate that Wright is a physician not employed by the state and that RCHSD is a private hospital. "[P]rivate parties are not generally acting under color of state law." *Price v. State of Hawaii*, 939 F.2d 702, 707–08 (9th Cir. 1991). This Court must engage in "fact bound" analysis to determine whether "the conduct allegedly causing the deprivation of a federal right [is] fairly attributable to the State." *Id.* (quoting *Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922, 937, 939 (1982)). Plaintiffs have provided no facts about this issue. There is thus no basis to find that Wright and RCHSD acted under color of state law.

### b. The SAC fails under Rule 8.

The SAC fails under Rule 8 as a shotgun pleading. A "shotgun pleading" is one "that violates Rule 8's requirement of a 'short and plain statement' and interferes with the court's ability to administer justice." *Destfino v. Kennedy*, 2008 WL 4810770, at *3 (E.D. Cal. 2008) (citing *Byrne v. Nezhat*, 261 F.3d 1075, 1129–1130 (11th Cir. 2001)). Here, Plaintiffs' SAC leaves each defendant "with no

1 means of determining exactly what each of them is charged with . . . doing." *Id.* The SAC "indiscriminately intertwines" the defendants into each cause of action and thus fails to give any of them fair notice. (ECF No. 33 ("County's MTD"), 7:24–25.) The proposed third amended complaint does not rectify this deficiency.

Accordingly, Plaintiffs' § 1983 claim fails under Rules 12(b)(6) and 8. Additionally, the claim fails under Rule 12(b)(6) as against Wright and RCHSD for failure to allege facts indicating that Wright and RCHSD acted under color of state law or that they participated in a conspiracy with state actors. The § 1983 claim is **DISMISSED WITHOUT PREJUDICE** and with leave to amend.

2. <u>Second Cause of Action: 42 U.S.C. § 1985</u>

*a. The SAC fails under Rule 12(b)(6)*

Plaintiffs' second cause of action is for conspiracy to interfere with civil rights, 42 U.S.C. § 1985. Plaintiffs clarify that this cause of action is under § 1985(3), which is a conspiracy to deprive a person of rights or privileges. (ECF No. 35 ("Opp. to County"), 4:18–5:7.) To state a § 1985(3) claim, the plaintiff "must allege (1) a conspiracy, (2) to deprive any person or a class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws, (3) an act by one of the conspirators in furtherance of the conspiracy, and (4) a personal injury, property damage or a deprivation of any right or privilege of a citizen of the United States." *Gillespie v. Civiletti*, 629 F.2d 637, 641 (9th Cir. 1980) (citing *Griffin v. Breckenridge*, 403 U.S. 88, 102–03 (1971)). The second prong requires "some racial or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action." *Griffin*, 403 U.S. at 102.

The SAC provides legal conclusions and recitations of the § 1985(3) elements rather than facts supporting them. Plaintiffs plead no facts alleging racial or class-based animus or their own status as members of a protected class. The SAC thus fails under Rule 12(b)(6). The proposed third amended does not resolve the factual deficiencies.

*b. The SAC fails under Rule 8*

As discussed with respect to § 1983, this claim also fails to distinguish between the alleged acts of each defendant and thus fails to provide Defendants with sufficient notice as to the charges against them. The few facts pled in the SAC fail Rule 8's pleading standard. Accordingly, the § 1985 claim is **DISMISSED WITHOUT PREJUDICE** and with leave to amend.

3. Third Cause of Action: 42 U.S.C. § 1986

Plaintiffs' third cause of action is for neglecting to prevent the § 1985 violation alleged in the second cause of action. There is no cause of action under § 1986 "absent a valid claim for relief under section 1985." *Trerice v. Pedersen*, 769 F.2d 1398, 1403 (9th Cir. 1985). Because the § 1985 claim was dismissed above, the § 1986 claim is **DISMISSED WITHOUT PREJUDICE** and with leave to amend.

4. Fourth Cause of Action: *Monell* Theory of 42 U.S.C. § 1983

Plaintiffs' final remaining cause of action is a § 1983 claim against the County[3] based on a *Monell* theory of liability. Under *Monell v. Department of Social Services*, local governments may be held directly liable via § 1983 for (1) constitutional deprivations made by their employees (2) in line with a governmental policy or custom. 436 U.S. 658, 694 (1978). As discussed with respect to the first cause of action, Plaintiffs do not allege a constitutional deprivation under the Rule 12(b)(6) standard. Additionally, Plaintiffs do not allege facts demonstrating that liability under *Monell* is plausible. Accordingly, this claim is **DISMISSED WITHOUT PREJUDICE** and with leave to amend.

## V. REQUEST FOR RECONSIDERATION

Plaintiffs request reconsideration of this Court's order denying Harris's petition to be appointed guardian ad litem for JQ.H and JZ.H (ECF No. 43). (ECF

---

[3] The SAC asserts this claim against defendants "COLA/DCFS," who are not parties to this case. (SAC, 9:10–13.) The proposed third amended complaint revises this reference and identifies the County as the defendant. (Opp. to County, Exh. A, 9:23–25.) The Court will interpret this as a claim against the County.

1  No. 44.) In determining who to appoint as guardian ad litem, "the court shall
2  consider whether the minor and the guardian have divergent interests." Cal. Civ.
3  P. § 372(b)(1). California courts have instructed against appointing the parent
4  when there exists "an actual or potential conflict of interest" between parent and
5  child. *Williams v. Super. Ct.*, 147 Cal. App. 4th 36, 50 (2007). The Court must
6  appoint a guardian who will "best protect the child's interests." *Id.* This case
7  centers on Harris's alleged physical abuse of JQ.H and JZ.H. (SAC, ¶¶ 17–22.)
8  This is a clear conflict of interest between the parent and children. Accordingly,
9  the Court **DENIES** Plaintiffs' request for reconsideration. As instructed in oral
10 argument, Plaintiffs' attorney is **ORDERED** to confer with proposed alternative
11 guardian ad litem Linda Thomas (*see* ECF No. 50) and submit a declaration
12 indicating Thomas's willingness and qualifications to serve as guardian ad litem.
13 The declaration must be filed within 21 days of entry of this order.

## VI. ORDER TO SHOW CAUSE

Finally, the Court **ORDERS** Plaintiffs to show cause as to why Defendant Natasha Hall should not be dismissed for failure to serve her in accordance with Fed. R. Civ. P. 4. Hall has not yet appeared. The docket does not reflect that Hall was properly and timely served. Accordingly, Plaintiff must **SHOW CAUSE** within 21 days of entry of this order why Hall should not be dismissed. *See* Fed. R. Civ. P. 4; CivLR 4.1(b),(c). If Plaintiffs fail to do so, the Court will dismiss Hall from the case in accordance with Rule 4(m).

## VII. CONCLUSION

For the foregoing reasons, the Court **GRANTS** the County's request for judicial notice and **GRANTS** Defendants' motions to dismiss (ECF Nos. 31, 32, 33). All state law claims are **DISMISSED WITH PREJUDICE** and without leave to amend. The Court **GRANTS** Plaintiffs leave to amend as to the federal causes of action only. The new third amended complaint is Plaintiffs' final opportunity to

amend their complaint.  Plaintiffs must file their third amended complaint within **21 days** of entry of this Order.  If Plaintiffs fail to do so, a final judgment of dismissal will be entered.  The third amended complaint must comply with Local Rule 15.1(c).  With regard to further motions to dismiss, Defendants are permitted to incorporate by reference arguments made in the motions to dismiss the SAC.  Defendants' briefs and Plaintiffs' opposition briefs are limited to ten pages.  No reply is permitted.  The Court will rule without oral argument.

Plaintiffs' request for reconsideration of the order denying Harris's petition to serve as guardian ad litem (ECF No. 44) is **DENIED**.  Plaintiffs' attorney is **ORDERED** to speak with the proposed guardian ad litem and within **21 days** of the entry of this Order submit a declaration explaining whether she is willing and qualified to serve as guardian ad litem.  Plaintiffs are also **ORDERED TO SHOW CAUSE** why Defendant Hall should not be dismissed within **21 days** of entry of this Order.

**IT IS SO ORDERED**.

Dated: December 5, 2019

_____
Honorable Barry Ted Moskowitz
United States District Judge